UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NABOR GUZMAN CONTRERAS,                     Case No. 24-10097

    Petitioner,                                           F. Kay Behm
v.                                                                United States District Judge

IRMA REZA-REYES, *et al.*,

    Respondents.
_____/

### ORDER ON MOTION FOR ALTERNATE SERVICE (ECF No. 7)

Petitioner, Nabor Guzman Contreras, filed a verified petition for return of his children pursuant to the Hague Convention. (ECF No. 1). Petitioner has also filed for an *ex parte* restraining order to prevent Respondents from removing the children from this district. (ECF No. 6). Petitioner has moved for alternative service on Respondents. (ECF No. 7). Petitioner argues that service cannot reasonably be made on Respondent Reza-Reyes for the following reasons:

> Service of process upon Respondent Reza-Reyes cannot reasonably be made as otherwise provided in Federal Rule of Civil Procedure 4 and 5 or Michigan Court Rule 2.105 for the following reasons. The firm received a request for legal representation for the Petitioner from the State Department on October 18, 2023. At that time, the State Department provided the most current address for Respondent Reza-Reyes was 6415 25 Mile Rd. Shelby Township, MI 48316. While verifying the

1

> address, Petitioner discovered that the State of Michigan was holding Respondent Reza-Reyes pending resolution of felony drug charges involving methamphetamines (see Case No. 2023-003087-FH in Macomb County Circuit Court) and she therefore was not residing at the apartment address previously provided. As part of this criminal charge, Respondent Reza-Reyes is believed to have received appointed criminal defense counsel in the State of Michigan. On January 9, 2023,[1] she was released from jail in Macomb County after being held since November 2, 2023. According to the Macomb County Circuit Court's Register of Actions (Case No. 2023-003087-FH), her counsel for her criminal case is R. Timothy Kohler, P23517, with an office at 16931 19 Mile Rd Ste 100, Clinton Township, MI 48038-484, and an email address of rtkohlerlaw@gmail.com.  Respondent Reza-Reyes is undocumented and is also in immigration proceedings, further complicating efforts to locate an address for proper service.

(ECF No. 7, PageID.255-56).  As to Respondent Lamberos, Petitioner also contends that service cannot be made for the following reasons:

> Despite having her full name, a possible phone number, and possible city of residence, after a thorough investigation, Petitioner has been unable to locate her. Notwithstanding, Petitioner believe that Respondent Lamberos had de facto custody over the Children while Respondent Reza-Reyes was incarcerated, and the Children may still be in her custody.

---

[1] The court believes that Petitioner meant January 9, 2024, given that her apparent confinement began on November 2, 2023.

(ECF No. 7, PageID.256).

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or nonresident individual by:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or
>
> 2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2). Michigan Court Rule 2.105(J) further provides that substituted service may be appropriate under some circumstances:

> 1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

> 2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> 3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, substituted service "is not an automatic right." *Royal Car Ctr., Inc. v. Mannheim Luxury Motors, Inc.*, 2023 WL 2957471, at *1 (E.D. Mich. Apr. 14, 2023) (quoting *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981)). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Krueger*, 300 N.W.2d at 919. "To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. The first point must be established by sufficient facts." *United States v. Szaflarski*, 2011 WL 2746138, at *1 (E.D. Mich. July 14, 2011) (Lawson, J.). In the court's view, Petitioner has not provided sufficient facts showing a diligent search for Respondents. Petitioner

4

does not explain why Reza-Reyes was not served while she was in the custody of the Macomb County Jail for over two months and why the motion for alternate service was not brought until after her release.  Petitioner has not outlined any efforts to obtain her last known address from Jail officials or her attorney.  And, while Petitioner indicates that he has been unable to locate Lamberos, those efforts are not described in any detail.

In addition, Petitioner does not sufficiently explain how service via Whatsapp or Reza-Reyes' criminal defense attorney is reasonably certain to notify Respondents of this lawsuit.  In *Lawrence M. Clarke, Inc. v. Richco Const. Inc.*, 489 Mich. 265, 278–79 (2011), the court held that "substitute service must be reasonably certain to inform those affected and the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." (internal quotations and citations omitted).  Petitioner's proposed method of alternate service does not satisfy this standard, and he has provided no authority that the proposed means satisfy the Michigan Court Rule.

Accordingly, Petitioner's motion for alternate service is **DENIED** without prejudice.

**SO ORDERED**.

Date: January 18, 2024                    s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge